UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

GODWIN OKPOMO,

            Defendant.

MEMORANDUM & ORDER
09 Cr. 143 (LBS)

---

SAND, J.:

      Defendant Godwin Okpomo is charged in an eight-count Indictment with violating 18 U.S.C. §§ 1344, 1349, 1028A and 2, by conspiring to defraud banks through the use of stolen identities and fraudulent withdrawal of funds.  He has submitted pretrial motions for:  (1) an order suppressing any identification evidence, or, in the alternative, a hearing to determine its admissibility at trial; (2) an order directing the Government to provide notice of all evidence it intends to offer at trial against Defendant, pursuant to Fed. R. Evid. 404(b); (3) an order granting advance disclosure of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and Jencks Act material; and (4) an order pursuant to Fed. R. Crim. P. 16 compelling the Government to provide discovery and inspection of certain items.  For the following reasons, the Court grants the motion for disclosure of audio and video logs and transcripts, if any exist, of statements by Okpomo that are relevant to the charges in the Indictment.  The Court denies the remainder of the motions.

    **I.**      **Suppression of Identification Testimony**

      Okpomo suggests that law enforcement agents and confidential witnesses identified him

via unduly suggestive methods and requests that this identification evidence be suppressed. The motion for suppression, or in the alternative for a suppression hearing, is denied. A defendant who seeks to suppress evidence must show that disputed issues of material fact exist before an evidentiary hearing is required. *See United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969). Furthermore, in the absence of a supporting affidavit of someone with personal knowledge of the underlying facts, the Court "need not resolve factual disputes that may be raised by the moving papers." *United States v. Richardson*, 837 F. Supp. 570, 572 (S.D.N.Y. 1993).

Okpomo's brief does not put forth any factual assertions regarding the identification procedures. Instead, the moving papers merely state that law enforcement agents "apparently identified" Defendant through procedures "such as a photographic array, line-up, corporeal show-up, or photographic canvas." (Okpomo Br. at 2.) The Government states that none of these procedures was used to identify Defendant. (Gov't Br. at 3.) According to the criminal complaint, U.S. Postal Inspector Anthony Caramanica identified Okpomo based on a comparison of Okpomo's Department of Motor Vehicles (DMV) photograph with an ATM surveillance photograph taken during one of the allegedly fraudulent bank transactions. (Complaint ¶ 10, Ex. A to Gov't Br.) Furthermore, law enforcement personnel compared other surveillance photographs taken during relevant bank transactions and determined that the photographs matched Defendant's DMV photograph. Finally, numerous witnesses linked Okpomo with the Edson Avenue address associated with the bank accounts allegedly used in the conspiracy. (Gov't Br. at 4.) Thus, Defendant's moving papers do not challenge any identification procedure used by the Government in this case.

As Okpomo has not submitted a supporting affidavit and his statements regarding the identification procedures are generalized assertions based on conjecture, we find that Okpomo has not stated sufficient facts to warrant suppression or an evidentiary hearing.  *See United States v. Castellano*, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985).  The motion for an order suppressing identification evidence, or alternatively for an evidentiary hearing, is denied.

### II.     Notice of 404(b) Evidence

Defendant also seeks immediate notice of all evidence that the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  We deny this motion because there is no basis in the evidentiary rule or in controlling case law for Defendant's request.  Rule 404(b) only requires "reasonable notice in advance of trial" of the Government's intent to introduce evidence of Defendant's prior convictions or bad acts.  The Government has stated that it will provide notice to Defendant two calendar weeks before trial of the prior bad acts or crimes, if any, that the Government intends to introduce at trial.  (Gov't Br. at 5–6.)  The Court is satisfied by the Government's good faith representation that it recognizes and will comply with its obligation under Rule 404(b).  As the Court sees no need for an order directing compliance, Defendant's requests for immediate disclosure of Rule 404(b) evidence and for a hearing are denied.  *See United States v. Russo*, 483 F. Supp. 2d 301, 308–09 (S.D.N.Y. 2007).

### III.    Immediate Production of *Brady*, *Giglio*, and Jencks Act Material

Okpomo also requests immediate production of (1) co-conspirator statements; (2) contact information for the Government's witnesses, including ones who will not testify at trial; (3) identification of confidential informants; (4) exculpatory evidence pursuant to *Brady*; (5) impeachment evidence of government witnesses pursuant to *Giglio*; (6) Jencks Act materials;

and (7) a statement from the Government regarding the existence of any additional discovery that the Government is obliged to produce but has not yet produced.

We deny Okpomo's request for immediate production of *Brady* material. Courts in the Second Circuit have repeatedly rejected requests for immediate production of *Brady* material where, as in this case, the Government has made a good-faith representation that it recognizes and has complied with its disclosure obligations under *Brady*. *See, e.g., United States v. Schwimmer*, 649 F. Supp. 544, 549 (E.D.N.Y. 1986) (citing *United States v. Evanchik*, 413 F.2d 950, 953 (2d Cir. 1969)). The Government has stated that it is currently unaware of any *Brady* evidence in its possession. (Gov't Br. at 7.) The Government has also assured the Court that as it continues to review evidence, it will make such material available to the defense—if such material comes to light—in time for its effective use at trial. *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).

The Court also denies Defendant's request for immediate production of *Giglio* and Jencks Act materials, including Defendant's request for co-conspirator statements, contact information for witnesses not called at trial, and identification of confidential informants. Defendant's request for this impeachment material is premature because the Government is still investigating new evidence and has not yet identified which witnesses it intends to call at trial. (Gov't Br. at 8.) In addition, impeachment material ordinarily need not be disclosed until the witness is called to testify at trial, as such material "does not ordinarily require any independent investigation in order to [be used] effectively at trial." *United States v. Jacques Dessange, Inc.*, No. 99 Cr. 1182, 2000 U.S. Dist. LEXIS 2886, at *29 (S.D.N.Y. Mar. 14, 2000); *see United States v. Nixon*, 418 U.S. 683, 701 (1974).

4

Similarly, the Court denies Defendant's request for contact information for the Government's potential witnesses and the identity of confidential informants. Disclosure of the Government's witness list is not required by any rule or statute. *See United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990); *United States v. Alessi*, 638 F.2d 466, 481 (2d Cir. 1980). Furthermore, Defendant must show that this disclosure is material to the preparation of his defense and reasonable in light of the circumstances surrounding the case. Conclusory statements that this information is necessary to his defense do not suffice. *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975). Okpomo has also not made the necessary showing to support his request for information on confidential informants. *See United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988). "The burden of establishing the need for disclosure is upon the person who seeks it . . . [and] [t]his burden is not met by mere speculation that identification might possibly be of some assistance." *United States v. Gonzalez*, No. 06 Cr. 726, 2008 U.S. Dist. LEXIS 64854, at *19 (S.D.N.Y. Aug. 26, 2008) (quoting *In re United States of America*, 565 F.2d 19, 23 (2d Cir. 1977)).

With respect to the immediate disclosure of Jencks Act material, Defendant's request is denied because courts cannot compel the disclosure of such material prior to the witness's testimony on direct examination. The relevant statute provides the following:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of [discovery] until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500. Although the Second Circuit has encouraged pretrial disclosure in complex cases to avoid delays during trial, the statute does not enable courts to compel early disclosure. *U.S. v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974). The Government states that it will comply

with the standard practice of producing impeachment and Jencks Act material at the same time—that is, the Friday before the start of trial, or if additional time is reasonably required to review the material, sufficiently in advance of the witness's testimony to avoid any trial delays. (Gov't Br. at 11.)

The Court expects that the Government will continue to comply with its obligations to produce exculpatory and impeachment materials. Accordingly, Defendant's motion for immediate production of *Brady*, *Giglio*, Jencks Act, and various materials on co-conspirators, witnesses, and informants is denied.

IV.   **Production of Items under Fed. R. Crim. P. 16**

The Government indicates that it has already provided Fed. R. Crim. P. 16 materials, including Defendant's criminal history records, a CD recording of Defendant's oral statement, and bank records, recordings, and memoranda. (Gov't Br. at 2–3.) However, Defendant contends that he is entitled to the following additional materials: (1) a copy of all transcripts of guilty pleas, (2) a copy of all statements made by Okpomo's co-defendants to law enforcement, (3) a written summary of all expert testimony that the Government intends to use, (4) a copy of all warrant applications and orders, (5) a copy of all logs and transcripts of audio records, if any exist, and (6) all logs of videotapes, if any exist.

It is unclear from Defendant's first request whether he seeks records of his own guilty pleas (if any) or those of his co-conspirators. To the extent that Okpomo has made relevant written or recorded statements that are in the Government's possession, Fed. R. Crim. P. 16(a)(1)(B) governs production of these statements. However, there is no legal basis upon which to grant Defendant's requests for his co-conspirators' guilty plea transcripts and statements to law enforcement. A co-conspirator who testifies on behalf of the Government is a witness under

the Jencks Act. As such, the Act provides the exclusive procedure for seeking disclosure of statements that government witnesses have given to law enforcement agencies. *See United States v. Covello*, 410 F.2d 536, 543 (2d Cir. 1969). As discussed above, the Second Circuit has repeatedly held that the Jencks Act prohibits district courts from ordering the pretrial disclosure of witness statements. *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001). The Government has stated that if it plans to call any witness at trial whose statements have been recorded, it will produce the records of such statements in accordance with its Jencks Act obligations. (Gov't Br. at 12.) Accordingly, the Court denies Defendant's request for immediate production of co-conspirators' guilty plea transcripts and statements to law enforcement.

Defendant also seeks a written summary of all expert testimony that the Government intends to use. Fed. R. Crim. P. 16(a)(1)(G) provides that "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence" during the trial. The Government's brief does not indicate whether it intends to use expert witnesses at trial. Once the Government makes that decision, it should make the necessary disclosure. With respect to Defendant's request for a copy of all warrant applications and orders, the Government has indicated that it has complied with its Rule 16 obligations. Because of the Government's representations, this request appears to be moot. *See United States v. Ordaz-Gallardo*, 520 F. Supp. 2d 516, 518 (S.D.N.Y. 2007).

Finally, Defendant requests production of logs and transcripts of audio and video recordings. The Second Circuit has held that tapes of a defendant's conversations are "statements" subject to disclosure under Rule 16(a). *See United States v. Crisona*, 416 F.2d 107, 115 (2d Cir. 1969); *see also United States v. Feola*, 651 F. Supp. 1068, 1145 (S.D.N.Y.

7

1987). Thus, the Court orders the production of any logs or transcripts of relevant statements made by Okpomo that the Government knows of and possesses.[1] The Court also expects that the Government will continue to comply with its obligations to supplement its Rule 16 production if it obtains additional material.

### V. Conclusion

Based on the foregoing, the Court orders the production of any audio or video logs or transcripts of Okpomo's statements that are relevant to the charges in this Indictment. The remainder of Defendant's motions is denied.

SO ORDERED.

Dated: May 4, 2009
       New York, NY

_____
U.S.D.J.

---

[1] The Government did not specifically respond to this request in its opposition papers, but noted that some of Defendant's requests were moot. (Gov't Br. at 14.) The Court is unclear as to whether the Government has already produced or does not possess this material, and expects that the Government will clarify with defense counsel its position on this request.

8